IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)



| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., | : |
| Plaintiff, | : |
| v. | : No.  JFM-00CV 631 |
| ARIEL POPEL, | : |
| Defendant. | : |

### ORDER

**AND NOW**, this 7th day of March, 2000, this matter having come before the Court on the Verified Complaint and Emergency Motion of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), and having heard oral argument from both parties:

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Defendant's new employer, from soliciting any customer of Merrill Lynch whom Defendant served or whose name became known to Defendant while in the employ of Merrill Lynch, including by initiating any contact with any of said customers regarding Defendant's new employment with Salomon Smith Barney, Inc. (excluding (i) Defendants' family and relatives, and (ii) any customer who has submitted an account transfer form (an "ACAT") to move his or her account from Merrill Lynch to Salomon Smith Barney). Defendant may, however, respond to any customers that contact Defendant on their own initiative.



2. Defendant, and anyone acting in concert or participation with Defendant, including any agent, employee, officer or representative of Defendant's new employer, is further ordered to return to Merrill Lynch any and all records, documents and/or information pertaining to Merrill Lynch customers, whether in computerized, handwritten or any other form no later than 5:00 p.m. (EST) on March 10, 2000;

3. For any customers who transfer their accounts to Defendant's new employer, Defendant may retain copies of the records referenced in paragraph 2 above pertaining to those transferring customers;

4. If any customer formerly serviced by Defendant asks Merrill Lynch where Defendant can be reached, Merrill Lynch must tell the customer that they can be reached "at Salomon Smith Barney's Lutherville, Maryland office."

5. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 10335(g) of the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure; and

6. This Order shall remain in full force and effect pending arbitration on the merits before the NASD arbitration panel.

7. This action is hereby stayed pursuant to 9 U.S.C. § 3 and the action is administratively closed, except that the Court retains jurisdiction to enforce the terms of this Order.

8. Security in the amount of $50,000 shall be posted by Merrill Lynch no later than the close of business on March 13, 2000.

BY THE COURT:

_____
J. FREDERICK MOTZ
United States District Judge